UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM LUCAS MCVEIGH,<br><br>      Plaintiff,<br><br> v.<br><br>PIERCE COUNTY,<br><br>      Defendants. | Case No. C23-5902 BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. 5. Having reviewed Plaintiff's motion and his proposed complaint, the Court declines to grant Plaintiff's motion at this time. Plaintiff may, by November 27, 2023, either: (1) explain and show cause why the complaint should not be dismissed, or (2) file an amended complaint.

DISCUSSION

A. Standard

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is

ORDER TO SHOW CAUSE - 1

"frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); see also *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

    A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER TO SHOW CAUSE - 2

B. <u>Plaintiff's Proposed Complaint</u>

Here, Plaintiff claims that Defendant Pierce County violated his Fifth and Fourteenth Amendment rights. Dkt. 5-1 at p. 7. Plaintiff states that Pierce County has initiated proceedings for the taking of Plaintiff's real property without due process or an offer of compensation. Plaintiff provided the parcel number, but did not allege facts beyond this in his complaint.

The due process clause of the Fifth Amendment, states that no person shall be deprived of life, liberty, or property, without due process of law. Plaintiff's Fifth Amendment claim fails as a matter of law, because the Fifth Amendment due process clause "only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008); *see also Castillo v. McFaddan*, 399 F.3d 993, 1002 n. 5 (9th Cir.2005) ("[Plaintiff's] citation of the Fifth Amendment was, of course, incorrect. The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Plaintiff names only Pierce County as a defendant[1].

To the extent Plaintiff wishes to bring a Taking Clause claim through the Fourteenth Amendment, Plaintiff must allege that his property was taken for public use without just compensation. *See Ward v. Ryan,* 623 F.3d 807, 810 (9th Cir. 2010). Specifically, Plaintiff must show" 'an independent source such as state law' ... define[s] the range of interests that qualify for protection as 'property' under the Fifth and Fourteenth Amendments." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1030

---

[1] Plaintiff names Pierce County "et al" as defendants in his complaint. He does not identify by name or otherwise any other defendant. If Plaintiff seeks to name additional defendants, he must specifically identify them in his amended complaint.

ORDER TO SHOW CAUSE - 3

(1992). Once a state-created property right is established, the Court must then determine "whether [that] property right has been *abridged* improperly (taken without just compensation) or whether a plaintiff has given up the right to assert such a claim." See *Vandervere v. Lloyd*, 664 F.3d 957, 963 (9th Cir. 2011). Plaintiff, here, alleges only that Pierce County took his property without just compensation, which is insufficient to state a claim under the Fourteenth Amendment.

## CONCLUSION

Given the deficiencies addressed above, the Court will not grant Plaintiff's application to proceed *in forma pauperis* at this time. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. See *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must be filed by November 27, 2023, and must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

The Court further instructs the Clerk to re-note Plaintiff's motion to November 27, 2023.

Dated this 7th day of November, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4