1

2

3

4                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
5                              AT TACOMA

6   WILLIAM LUCAS MCVEIGH,
                                            Case No. C23-5902 BHS
7                         Plaintiff,
                                            ORDER TO SHOW CAUSE
8        v.

9   PIERCE COUNTY,

                          Defendants.
10

11         This matter comes before the Court on Plaintiff's motion for leave to proceed *in*

12   *forma pauperis*. Dkt. 5. Plaintiff filed a proposed amended complaint, after the Court's

13   first order to show cause. Dkts. 6, 7. Having reviewed Plaintiff's proposed amended

14   complaint, the Court declines to grant Plaintiff's motion at this time. Plaintiff may, by

15   January 10, 2024, either: (1) explain and show cause why the complaint should not be

16   dismissed, or (2) file an amended complaint. If Plaintiff's proposed complaint does not

17   comply with Federal Rule of Civil Procedure 8, the undersigned will recommend denial

18   of Plaintiff's motion to proceed *in forma pauperis*.

19                                  DISCUSSION

20   A.  Standard

21         The district court may permit indigent litigants to proceed IFP upon completion of a

22   proper affidavit of indigency. *See* 28 U.S.C. §1915(a). The court has broad discretion in

23

24

25

ORDER TO SHOW CAUSE - 1

1  denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963),

2  *cert. denied* 375 U.S. 845 (1963).

3      The Court must subject each civil action commenced pursuant to 28 U.S.C. §

4  1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is

5  "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

6  monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

7  1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he

8  provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*,

9  203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

10  only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to

11  state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or

12  fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing

13  *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745

14  F.2d 1221, 1228 (9th Cir. 1984).

15      A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint

16  it must nevertheless contain facts to support a claim for relief that may be considered

17  plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v.

18  Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the

19  plaintiff pleads factual content that allows the court to draw the reasonable inference

20  that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

21      Unless it is absolutely clear that no amendment can cure the defects of a complaint,

22  a litigant who is unrepresented by an attorney is entitled to notice of problems with the

23  complaint that would result in the case being dismissed, and an opportunity to amend

24

25

prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). The Court is not required to grant an opportunity to amend the complaint "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

B. <u>Plaintiff's Proposed Complaint</u>

Here, Plaintiff claims that Defendants Pierce County and several employees of the Washington State Department of Social and Health Services ("DSHS") violated his Fifth and Fourteenth Amendment rights. Dkt. 7 at p. 3. Plaintiff states that Pierce County and DSHS have initiated proceedings for the taking of Plaintiff's real property without due process or an offer of compensation.

The due process clause of the Fifth Amendment, states that no person shall be deprived of life, liberty, or property, without due process of law. Plaintiff's Fifth Amendment claim fails as a matter of law, because the Fifth Amendment due process clause "only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008); *see also Castillo v. McFaddan*, 399 F.3d 993, 1002 n. 5 (9th Cir.2005) ("[Plaintiff's] citation of the Fifth Amendment was, of course, incorrect. The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Plaintiff names Pierce County, DSHS, and individual employees of DSHS as defendants.

To the extent Plaintiff wishes to bring a Taking Clause claim through the Fourteenth Amendment, Plaintiff must allege that his property was taken for public use without just compensation. *See Ward v. Ryan,* 623 F.3d 807, 810 (9th Cir. 2010).

Specifically, Plaintiff must show" 'an independent source such as state law' ... define[s] the range of interests that qualify for protection as 'property' under the Fifth and Fourteenth Amendments." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1030 (1992). Once a state-created property right is established, the Court must then determine "whether [that] property right has been *abridged* improperly (taken without just compensation) or whether a plaintiff has given up the right to assert such a claim." *See Vandervere v. Lloyd*, 664 F.3d 957, 963 (9th Cir. 2011).

Plaintiff, here, provides a lengthy narrative of his allegations, but the Court is not able to decipher any particular acts of individuals that violated Plaintiff's constitutional rights. "[I]t is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). Plaintiff will be allowed to file another proposed amended complaint and if it complies with Federal Rule of Civil Procedure 8 and this Order, then this case would potentially move forward.

<u>CONCLUSION</u>

Given the deficiencies addressed above, the Court will not grant Plaintiff's application to proceed *in forma pauperis* at this time. If Plaintiff chooses to file another amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must be filed by January 10, 2024, and must contain all claims, defendants,

and factual allegations that Plaintiff wishes to pursue in this lawsuit. Plaintiff's complaint must comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). If Plaintiff does not file any proposed amended complaint, or files a proposed amended complaint that does not state a plausible claim for relief, then the case will be dismissed without prejudice.

The Court further instructs the Clerk to re-note Plaintiff's motion to January 10, 2024.

Dated this 27th day of December, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5